UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| TERRY ALTON PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00568-WTL-DLP |
| | ) | |
| MATCHETT Physical Therapist, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY SCREENING COMPLAINT, ADDRESSING PENDING
MOTIONS, AND DIRECTING FURTHER PROCEEDINGS**

This action was initiated on December 15, 2017, when the Court ordered that Plaintiff Terry Alton Parker's claim against physical therapist Ashley Matchett be severed from claims proceeding in a different lawsuit. The action is now before the Court for screening pursuant to 28 U.S.C. § 1915A(b) and for resolution of pending motions.

**I. Screening of Complaint**

Because Mr. Parker is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendant. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Mr. Parker are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

**A.     The Complaint**

As directed by the Court's entry of December 15, 2017, this action consists of a single claim. Under the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), Mr. Parker alleges that Physical Therapist Matchett failed to treat a serious medical condition in violation of the Eighth Amendment. Specifically, the complaint asserts that Mr. Parker suffered from a serious injury to his foot when he arrived at the Federal Prison Camp in Terre Haute, Indiana, in 2016 and that Physical Therapist Matchett failed to treat the condition.

In support of the complaint, Mr. Parker attached a medical record showing that he met with Physical Therapist on April 13, 2017. *See* Dkt. No. 2-1 at 92–93. This record describes "distinct weakness and dysfunction" in Mr. Parker's right foot and suggests that Mr. Parker should meet with an orthopedist to determine a proper course of treatment. It is unclear, however, whether Physical Therapist Matchett actually took steps to arrange for Mr. Parker to be examined by an orthopedist or provided any treatment beyond giving Mr. Parker two "ace wraps." *Id.*

**B.     The Eighth Amendment**

Pursuant to the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, meaning they must take reasonable measures to guarantee the safety of the inmates and ensure that they receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To prevail on an Eighth Amendment deliberate indifference medical claim, a plaintiff must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about the plaintiff's condition and the

substantial risk of harm it posed, but disregarded that risk. *Id.* at 837; *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014).

"[C]onduct is 'deliberately indifferent' when the official has acted in an intentional or criminally reckless manner, *i.e.*, "the defendant must have known that the plaintiff 'was at serious risk of being harmed [and] decided not to do anything to prevent that harm from occurring even though he could have easily done so.'" *Board v. Freeman*, 394 F.3d 469, 478 (7th Cir. 2005) (*quoting Armstrong v. Squadrito*, 152 F.3d 564, 577 (7th Cir. 1998)). "To infer deliberate indifference on the basis of a physician's treatment decision, the decision must be so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment." *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006). *See also Plummer v. Wexford Health Sources, Inc.*, 609 Fed. Appx. 861, 2015 WL 4461297, *2 (7th Cir. 2015) (holding that defendant doctors were not deliberately indifferent because there was "no evidence suggesting that the defendants failed to exercise medical judgment or responded inappropriately to [the plaintiff's] ailments"). In addition, the Seventh Circuit has explained that "[a] medical professional is entitled to deference in treatment decisions unless no minimally competent professional would have [recommended the same] under those circumstances." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). "Disagreement between a prisoner and his doctor, or even between two medical professionals, about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation." *Id.*

**C.    Analysis of Claim**

Construed liberally, the complaint includes factual allegations sufficient to support a reasonable inference that Physical Therapist Matchett exhibited deliberate indifference toward Mr.

3

Parker's serious foot injury. Accordingly, Mr. Parker's Eighth Amendment claim against Physical Therapist Matchett shall **proceed as submitted**.

This is the only viable claim against Physical Therapist Matchett identified by the Court. If Mr. Parker believes that additional claims were alleged against Physical Therapist Matchett in the complaint but not identified by the Court, he shall have through May 1, 2018, in which to identify those claims.

## II. Motion to Appoint Counsel

Mr. Parker's motion to appoint counsel, Dkt. No. 10, is **denied without prejudice**. Litigants requesting that counsel be recruited must first show that they made a reasonable attempt to secure private counsel. *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). The Court must deny "out of hand" a request for counsel made without a showing of such effort. *Farmer v. Haas*, 990 F.2d 319, 321 (7th Cir. 1993). Mr. Parker's motion for assistance with recruiting counsel does not indicate whether he has made a reasonable attempt to recruit counsel on his own. Mr. Parker should make such efforts, and if he chooses to renew his request for the appointment of counsel, he shall provide the Court with a list of the names of attorneys, organizations, and/or law firms he has contacted and any responses he has received. The **clerk shall include** a copy of the Court's form Motion for Assistance with Recruiting Counsel with the Mr. Parker's copy of this Entry.

## III. Motion to Recuse United States Attorney's Office

Mr. Parker's motion to recuse the United States Attorney's Office as Physical Therapist Matchett's representative, Dkt. No. 11, is **denied**. At this point, process has not been issued to Physical Therapist Matchett, and no attorney has appeared on his behalf or answered the complaint.

4

## IV. Duty to Update Address

Mr. Parker shall report any change of address within ten (10) days of any change. The Court must be able to locate Mr. Parker to communicate with him. If Mr. Parker fails to keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

## V. Service of Process

The **clerk is designated**, pursuant to Federal Rule of Civil Procedure 4(c)(2), to issue process to Defendant Matchett. Process shall consist of a summons. Because Mr. Parker is proceeding under *Bivens,* **personal service is required**. *Robinson v. Turner*, 15 F.3d 82 (7th Cir. 1994). The Marshal for this District or his Deputy shall serve the summons, together with copies of the complaint and attachments thereto (Dkt. No. 2), the Court's entry of December 15, 2017 (Dkt. No. 1), and this entry on Defendant Matchett and on the officials designated pursuant to Federal Rule of Civil Procedure 4(i)(2), at the expense of the United States.

**IT IS SO ORDERED.**

Date: 4/4/18

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

TERRY ALTON PARKER
15381045
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

United States Marshal
46 East Ohio Street
179 U.S. Courthouse
Indianapolis, IN 46204

Ashley Matchett
USP Terre Haute
U.S. PENITENTIARY
4200 BUREAU ROAD North
TERRE HAUTE, IN 47808