UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| TERRY ALTON PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00568-WTL-DLP |
| | ) | |
| MATCHETT, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON SELECTED MATTERS**

This action is before the Court for resolution of several motions by Plaintiff Terry Parker.

**I. Motion for Leave to Amend Complaint**

Mr. Parker is an inmate confined at the U.S. Penitentiary at Terre Haute, Indiana. The action has proceeded to this point with a single claim: that the Defendant Ashley Matchett, a physical therapist, was deliberately indifferent to Mr. Parker's serious foot injury when she met with him on April 13, 2017.

Mr. Parker now seeks to amend his complaint to add additional defendants, including two private companies and their owners and employees. Indeed, the proposed amended complaint indicates that Ms. Matchett is an owner or employee of Terre Haute Physical Therapy, PC—not an employee of the federal government.

Because Mr. Parker is a prisoner, his proposed amended complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss a complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether a complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under

Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se pleadings such as Mr. Parker's are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The amended complaint asserts claims of inadequate medical care provided by private actors. Medical malpractice is a cause of action arising from state law—not from civil rights protected by federal law. The Court allowed the original complaint to proceed under the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), on the possibility that Ms. Matchett was a federal employee. But the proposed amended complaint indicates that this is not the case. And *Bivens* only authorizes suits against federal employees or agents—not private citizens or entities. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61 (2001); *Holz v. Terre Haute Regional Hosp.*, 123 Fed. Appx. 712, 713 (7th Cir. 2005) (holding that a prisoner cannot bring a *Bivens* claim against a private hospital or nurse who works at that hospital because a "*Bivens* claim cannot be brought against a private entity (or individual), even if it is a federal contractor").

As presented, the proposed amended complaint does not include any allegations that would raise a legal issue arising from the Constitution or laws of the United States as required by 28 U.S.C. § 1331. *See Williams v. Aztar Ind. Gaming Corp.*, 351 F.3d 294, 298 (7th Cir. 2003) (explaining federal courts may exercise federal-question jurisdiction when a plaintiff's right to relief is created by or depends on a federal statute or constitutional provision). Nor does it include

any facts from which the Court could infer diversity of citizenship under 28 U.S.C. § 1332. *See Denlinger v. Brennan*, 87 F.3d 214, 217 (7th Cir. 1996) (holding that failure to include allegations of citizenship requires dismissal of complaint based on diversity jurisdiction). In short, the Court would not have any basis to exercise jurisdiction over the claims presented in the proposed amended complaint.

Because the Court would have to dismiss all claims in the proposed amended complaint, Mr. Parker's motion for leave to amend, Dkt. No. 29, is **denied**. This action shall continue to proceed with the complaint, Dkt. No. 2, as the operative pleading.

## II. Plaintiff's Motion for Summary Judgment

Mr. Parker's motion for summary judgment, Dkt. No. 31, is **denied** because it concerns claims asserted in the proposed amended complaint.

## III. Motion to Forward Information

Mr. Parker's motion asking the Court to forward discovery materials to Ms. Matchett, Dkt. No. 32, is **denied**. Litigants are responsible for serving their own discovery materials and may not file them with the Court except as allowed by Local Rule 26-2.

Pursuant to Local Rule 26-2, "[d]iscovery materials (whether discovery requests, responses or deposition transcripts) *may not be filed with the court* except in" limited circumstances. These circumstances include when the request is the subject of a motion, at the start of a trial where the discovery material will be used, and when a party must supplement the record for purposes of appeal.

None of the circumstances noted in Local Rule 26-2 apply to the materials Mr. Parker has filed with his motion. Discovery requests must be served on the party from whom discovery is

3

sought, and discovery responses must be served on the party seeking discovery. Mr. Parker may serve discovery requests and responses to Ms. Matchett's attorney at the following address:

> William W. Drummy
> Wilkinson Goeller Modesitt Wilkinson & Drummy
> 333 Ohio Street
> Terre Haute, IN 47808-0800

### IV. Motion for Assistance with Recruiting Counsel

Mr. Parker has renewed his motion for assistance with recruiting counsel. "When confronted with a request . . . for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-655 (7th Cir. 2007). The court must deny "out of hand" a request for counsel made without a showing of the plaintiff's reasonable efforts to obtain counsel on his own. *Farmer v. Haas*, 990 F.2d 319, 321 (7th Cir. 1993).

Mr. Parker's motion indicates that he has contacted at least five attorneys or law firms on his own and has not succeeded in obtaining assistance from any of them. Mr. Parker should continue those efforts.

Nevertheless, the Court finds that—at this stage of the litigation—Mr. Parker is competent to litigate this matter himself. The Court must analyze the plaintiff's abilities as related to "the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. Accordingly, the question is not whether an attorney would help the plaintiff's case, but whether, given the difficulty of the case, the plaintiff seems competent to litigate it himself. *Id.* at 653-655.

Mr. Parker's motion indicates that he has no difficulty reading or writing and that he graduated high school. More importantly, the tasks to be completed and the legal issues involved in them are not particularly complex.

Ms. Matchett has filed a motion for summary judgment asserting only one argument: that she is not an employee of the U.S. government and that she therefore cannot be liable under *Bivens*. The Court finds that Mr. Parker is capable of responding to this argument. His motion for assistance with recruiting counsel, Dkt. No. 30, is therefore **denied without prejudice**. If this action survives Ms. Matchett's summary judgment motion, Mr. Parker may renew his motion.

### V. Briefing Schedule on Defendant's Motion for Summary Judgment

Ms. Matchett filed a motion for summary judgment on August 8, 2018. Mr. Parker shall have **through September 10, 2018**, to respond to the motion. Mr. Matchett's response must comply with the requirements of Local Rule 56-1. The **clerk is directed** to include a copy of Local Rule 56-1 with Mr. Parker's copy of this Entry.

### VI. Conclusion

For the reasons discussed above:

1. Mr. Parker's motion for leave to amend his complaint, Dkt. No. 29, is **denied**. This action shall continue to proceed with the complaint, Dkt. No. 2, as the operative pleading.

2. Mr. Parker's motion for summary judgment, Dkt. No. 31, is **denied**.

3. Mr. Parker's motion asking the Court to forward discovery materials to Ms. Matchett, Dkt. No. 32, is **denied**.

4. Mr. Parker's motion for assistance with recruiting counsel, Dkt. No. 30, is **denied without prejudice**.

5. Mr. Parker shall have **through September 10, 2018**, to respond to Ms. Matchett's motion for summary judgment, Dkt. No. 33. Mr. Matchett's response must comply with the requirements of Local Rule 56-1. The **clerk is directed** to include a copy of Local Rule 56-1 with Mr. Parker's copy of this Entry.

**IT IS SO ORDERED.**

Date: 8/13/18

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

TERRY ALTON PARKER
15381045
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

William W. Drummy
WILKINSON GOELLER MODESITT WILKINSON & DRUMMY
wwdrummy@wilkinsonlaw.com